UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**REXNORD INDUSTRIES, LLC,**
        Plaintiff,

v.                               Case No. 12-C-0261

**BIGGE POWER CONSTRUCTORS,**
        Defendant.

## DECISION AND ORDER

On April 12, 2013, I issued an order addressing the parties' motions for summary judgment. Rexnord has filed a motion asking that I reconsider part of that order. It has also filed a motion for leave to file an amended complaint. I address these motions below.

The basic facts of this case are as follows. Bigge Power Constructors manufactures cranes and similar equipment for use in heavy industry. In 2009, it agreed to supply a company named Shaw Constructors, Inc., with two large derricks, which Shaw intended to use to construct nuclear power plants. After Bigge and Shaw entered into the contract for the derricks, Bigge entered into a separate contract with Rexnord Industries, LLC, for the production of twenty-eight steel castings that Bigge intended to incorporate into the derricks. The contract consists of two purchase orders and a set of "commercial terms."

The purchase price for the castings was approximately $4.5 million. Rexnord manufactured and delivered the castings, and Bigge ultimately accepted them, incorporated them into the derricks, and received full payment from Shaw (less a holdback that is not relevant here). However, Bigge refuses to pay Rexnord the balance that remains due, which is approximately $1 million. Rexnord filed this suit to recover that

amount. Bigge then filed a counterclaim alleging, among other things, that Rexnord failed to deliver the castings on time and thereby caused Bigge to incur additional costs.

In my last order in this case, I granted summary judgment to Bigge on the issue of whether Rexnord's failure to deliver the castings on time constituted a breach of the parties' contract. In opposing Bigge's motion for summary judgment on this issue, Rexnord did not dispute that it had failed to deliver the castings on time. Instead, it argued that its late delivery did not render it liable for breach of contract because the late delivery was excused by the prevention doctrine and/or force majeure. I analyzed these two defenses together and determined that they both failed because Rexnord had not shown that it had complied with a provision of the contract requiring it to give Bigge notice if it believed that a delay in delivering the castings was caused by a "Force Majeure event." See Commercial Terms § 27.5 Rexnord asks me to reconsider this ruling. It contends that although it was required to give Bigge notice of any delays caused by force majeure, it was not required to give Bigge notice of any delays caused by Bigge's own acts or omissions. Thus, argues Rexnord, its failure to give notice does not affect its defense based on the prevention doctrine.

In granting summary judgment to Bigge on this issue, I observed that Rexnord had not argued that the contract's notice provision did not apply to any delays that might be excusable under the prevention doctrine. See Dec. & Order at 13 n.4. Thus, it is arguable that Rexnord has forfeited this argument. However, I do not think that it has. Bigge did not argue that Rexnord had failed to comply with the contract's notice provision until it filed its reply brief in support of its motion for summary judgment. See Reply Br. at 12–13, ECF No. 41. Under the briefing schedule that applied to the parties' motions for summary

2

judgment, Rexnord was not entitled to file a response to Bigge's reply brief. See ECF No. 33. Thus, Rexnord did not have an opportunity to respond to Bigge's argument that the contract's notice provision applied to its defense based on the prevention doctrine. Although Rexnord might have sought leave to file a sur-reply to address that argument, the failure to do so cannot result in a forfeiture. See Smith v. Bray, 681 F.3d 888, 902–03 (7th Cir. 2012). Accordingly, I will now consider Rexnord's argument that the contract's notice provision does not apply to its defense based on the prevention doctrine.

Rexnord points out that the contract's notice provision applies only to a "Force Majeure event." Commercial Terms § 27.5. However, the contract defines "Force Majeure" as "all events beyond a party's reasonable control," id. § 11.1, and as Rexnord itself conceded in the last round of briefing, any delay caused by Bigge's conduct would have been a delay caused by an event beyond Rexnord's control and therefore would have constituted a force majeure event. See Summ. J. Reply Br. at 20, ECF No. 35. Thus, the plain language of contract states that Rexnord was required to give Bigge notice if it believed that its performance would be delayed by Bigge's conduct.

Rexnord also contends that any requirement to give notice of a delay caused by Bigge's own conduct is unenforceable. This argument is based on sections 2311 and 1302 of the California Commercial Code. Section 2311 provides that a delay in a party's performance is excused when that delay is caused by the other party's failure to provide required specifications or otherwise cooperate. Section 1302 allows parties to alter the obligations created by the Commercial Code but provides that the parties may not "disclaim[]" "the obligations of good faith, diligence, reasonableness, and care" prescribed by the Code. Rexnord argues that the contract's notice requirement is an attempt to

3

disclaim the obligations imposed on Bigge by section 2311 and that this attempt must fail because section 1302 prohibits Bigge from disclaiming those obligations. However, the contract's notice requirement does not purport to disclaim any obligation of good faith, diligence, reasonableness, or care contained in section 2311. Indeed, it does not purport to disclaim anything at all. It simply requires Rexnord to provide notice in the event that it believes that Bigge's conduct (or another force majeure event) will result in a delay. Nothing in section 1302 suggests that such a notice requirement is unenforceable. Moreover, a separate provision of California law, section 1511 of the California Civil Code, expressly states that a party is permitted to require notice from the other party in the event that such other party contends that a delay in its performance was caused by the acts of the original party. Thus, the notice requirement is enforceable, and I will not upset my grant of partial summary judgment to Bigge.

I now turn to Rexnord's motion for leave to file an amended complaint. In the scheduling order entered under Federal Rule of Civil Procedure 16, I set a deadline of July 13, 2012, for the parties to amend their pleadings. See ECF No. 14. Rexnord filed its motion for leave to file the amended complaint on May 9, 2013, nearly ten months after the deadline to amend the pleadings had passed. Accordingly, Rexnord must show good cause to amend its complaint. See Fed. R. Civ. P. 16(b)(4); Alioto v. Town of Lisbon, 651 F.3d 715, 719–20 (7th Cir. 2011). If Rexnord establishes good cause, then I must consider whether granting leave to amend would comport with Federal Rule of Civil Procedure 15(a)(2). Alioto, 651 F.3d at 719–20.

Rexnord's current complaint contains a claim for damages for breach of contract. That claim alleges that Bigge has failed to pay outstanding invoices totaling $1,083,290.

4

Rexnord requests leave to plead an additional claim for costs and expenses in the amount of $1,359,900. Rexnord contends that it incurred these additional amounts "because of Bigge's breach of contractual duties and unjustified complaints about Rexnord's performance." Mot. for Leave to File Am. Compl. ¶ 6, ECF No. 47. Rexnord does not contend that it was unaware of the facts supporting its claim for costs and expenses until after the deadline to amend the pleadings had passed. Rather, it concedes that it was aware of this claim earlier but had refrained from bringing it "because it believed the damages it seeks on the claim[] were excluded by the waiver of incidental consequential damages in the parties' Contract." Id. ¶ 8. Rexnord explains that, in light of my rejection of its earlier argument that all of Bigge's claimed damages constitute incidental and consequential damages, it has changed its litigation strategy and now intends to argue that its own damages for costs and expenses are not excluded by the waiver of incidental and consequential damages. Id. ¶¶ 9–10.

I find that Rexnord has not demonstrated good cause for failing to amend its complaint prior to the deadline set in the scheduling order. Rexnord's reason for waiting until now to seek leave to amend is that it has changed its litigation strategy in light of the court's summary-judgment decision. Every district court that has considered the question has concluded that a party's changing its litigation strategy is not good cause for amending a scheduling order under Rule 16(b)(4). Alvarado Orthopedic Research, L.P. v. Linvatec Corp., No. 11cv0246, 2012 WL 6193834, at *3 (S.D. Cal. Dec, 12, 2012); Thomas v. McDowell, No. 2:10–cv–0152, 2012 WL 5601198, at *2 (S.D. Ohio Nov. 15, 2012); Onyx Pharmaceuticals, Inc. v. Bayer Corp., No. C–09–2145, 2011 WL 4527402, at *2 (N.D. Cal Sept. 21, 2011); Denenberg v. LED Technologies, LLC, No. 8:09–cv–03182, 2011 WL

1226103, at *2–3 (D. Neb. March 29, 2011); Byrne v. Crist, 2011 WL 1042314, at *1 (M.D. Fla. March 22, 2011); St. Rose v. Mobile Plant Mfg. Co. No. 1:04–cv–114, 2009 WL 3064736, at *1 (D. Virgin Islands Sept. 18, 2009); Berger v. Rossignol Ski Co., Inc., No. C 05-02523, 2006 WL 1095914, at *5 (N.D. Cal. April 25, 2006). Moreover, it strikes me as obvious that changing litigation strategies after a previous strategy has failed does not constitute good cause. Accordingly, Rexnord's motion for leave to file an amended complaint will be denied.

Before concluding, I note that Rexnord argues that it should be granted leave to amend after the deadline to do so has expired because Bigge would suffer no prejudice if the complaint were amended at this time. However, it is clearly not the case that Bigge would suffer no prejudice if Rexnord were permitted to amend its complaint at this time. Discovery closes on November 30, 2013, the deadline for filing dispositive motions has already passed, and a trial on the merits could be scheduled for a short time after the close of discovery—probably in January 2014. If I allowed Rexnord's new claim to proceed, I would have to allow Bigge a reasonable opportunity to conduct discovery on that claim and to file a dispositive motion directed to it. The additional discovery would likely take several months, briefing on the dispositive motion would likely take an additional month or two, and it generally takes me three months after the briefs have been filed to decide a dispositive motion. Thus, allowing the amendment would likely delay the trial until at least the middle of 2014. This delay would prejudice not only Bigge, but the court as well. See Pioneer Inv. Servs. Co. v. Brunswick Associated Ltd. P'ship, 507 U.S. 380, 398 (1993) (noting that prejudice "to the interests of efficient judicial administration" is a factor to be weighed when determining whether to excuse noncompliance with a deadline). In addition, Bigge has

6

Case 2:12-cv-00261-LA    Filed 09/09/13    Page 6 of 7    Document 57

been litigating this case for over a year with the understanding that Rexnord's only claim was for payment of the outstanding invoices and that Rexnord's defense to Bigge's claim was that its damages were excluded by the waiver of incidental and consequential damages. Requiring Bigge to defend against a new litigation strategy after it has already invested heavily in defending against Rexnord's original, opposite strategy is itself a form of prejudice.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Rexnord's motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that Rexnord's motion for leave to file an amended complaint is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2013.

                                            s/ Lynn Adelman
                                            _____
                                            LYNN ADELMAN
                                            District Judge